United States District Court
State of Minnesota
Civil No. 19-1295 (DSD/DTS)

Kevin T. Tharp,

        Plaintiff,

v.                                              ORDER

CitiMortgage, Inc.
and Christopher Daniel Davies,

        Defendants.


        Kevin T. Tharp, 2914 W. White Canyon Road, Queen Creek, AZ
        85142, plaintiff pro se.

        Cameron A. Lallier, Esq., Foley & Mansfield, PLLP, 250
        Marquette Avenue, Suite 1200, Minneapolis, MN 55401, counsel
        for defendant CitiMortgage, Inc.


        This matter is before the court upon the motion to dismiss

or, in the alternative, for a more definite statement, by defendant

CitiMortgage, Inc.  Based on a review of the file, record, and

proceedings herein, and for the following reasons, the motion to

dismiss is granted.[1]

---

[1]  Plaintiff named CitiMortgage's former President and CEO
Christopher Daniel Davies as a co-defendant in this matter, but
makes no specific allegations against him. Because Tharp has not
made any claims against Davies personally, Davies is dismissed
from this lawsuit.

## BACKGROUND

This dispute arises out of a mortgage relationship between defendant CitiMortgage and plaintiff Kevin T. Tharp and CitiMortgage's subsequent foreclosure of that mortgage. Tharp took out a mortgage with CitiMortgage in January 2008 on a property in Lakeland, Minnesota. CitiMortgage foreclosed on the mortgage in 2012 and the foreclosure sale occurred on February 8, 2013. Under Minnesota law, Tharp had a statutory right to redemption that expired on August 8, 2013. Minn. Stat. § 580.23. Although Tharp's complaint lacks specific dates in many instances, it does not appear that Tharp has had any interaction with CitiMortgage since shortly after the foreclosure sale. Compl. ¶¶ 26-27, 31; id. Ex. 10.[2]

---

[2] The operative complaint in this matter was filed on May 16, 2019, ECF No. 1. At the August 22, 2019, hearing on the instant motion, Tharp offered an amended complaint and exhibits. Because Tharp did not amend his complaint within the time allowed by Fed. R. Civ. P. 15(a), the court construes Tharp's submission as a request for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(b). The court has reviewed the proposed amended complaint and exhibits and finds that nothing therein changes the outcome. Accordingly, because the amendment would be futile, the court denies Tharp's motion to amend. See Fed. R. Civ. P. 15(b); Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (citing Forman v. Davis, 371 U.S. 178, 182 (1962))(holding that denial of leave to amend is appropriate where such amendments would be futile).

Tharp filed suit on May 16, 2019, alleging numerous violations on CitiMortgage's part, including violations of the Real Estate Settlement Procedures Act (RESPA), the Fair Debt Collection Practices Act (FDCPA), the Privacy Act, and the Fair Housing Act. See generally Compl. These claims arise from CitiMortgage's alleged failure to provide a loan servicer when requested by Tharp, its alleged unlawful reporting of adverse credit information, and its alleged failure to adhere to required statutory servicing and notice procedures. Id. ¶¶ 2–5, 8–20, 22–27, 29, 32. Tharp also includes claims for breach of contract, fraud, forgery, and intentional infliction of emotional distress (IIED). Id. ¶¶ 1, 6, 7, 21. Finally, Tharp asserts that CitiMortgage interfered with his statutory right to redemption under Minnesota law. Id. ¶ 30.

CitiMortgage now moves to dismiss for failure to state a claim or, in the alternative, for a more definite statement.

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

(quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. <u>Twombly</u>, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

Further, a defendant may raise a statute-of-limitations defense on a motion to dismiss and, where it "appears from the face of the complaint itself that the limitation period has run," such motion may be granted. <u>Varner v. Peterson Farms</u>, 371 F.3d 1011, 1016 (8th Cir. 2004).

## II. Statute of Limitations

Tharp's claims under the RESPA, FDCPA, Privacy Act, and Fair Housing Act, as well as his claims for breach of contract, IIED, fraud, and forgery are all barred by the statute of limitations.

**A.     RESPA Claims**

Much of Tharp's complaint focuses on CitiMortgage's alleged violations of RESPA.  In making his claims, Tharp cites to both RESPA's statutory provisions, 12 U.S.C. § 2605, as well as the regulatory framework for the implementation of RESPA within 12 C.F.R. Part 1024, Subpart C.  The applicable statute of limitations for these claims is three years from the date of the violation. 12 U.S.C. § 2614.

Tharp's complaint lacks specific dates for many of his RESPA claims, but where a date is included with regard to a specific violation, none is later than January 3, 2012.  Compl. ¶ 9. Attached to Tharp's complaint are a number of exhibits, including letters he wrote to CitiMortgage requesting a loan servicer or other information under RESPA.  See, e.g., id. Exs . 10-15.  Tharp cites to these exhibits in support of his RESPA claims throughout his complaint.  See id. ¶¶ 3-5, 8, 10, 18-20, 26, 27, 29.  The most recent letter, however, appears to have been written on March 21, 2013. Id. Ex. 10.  This means that the statute of limitations for any violation of RESPA in connection with this letter and any action requested therein ran on March 21, 2016, more than three years before Tharp filed his complaint in this action.  Given that Tharp does not cite any activity in violation of RESPA later than

March 21, 2013, his RESPA claims are time barred and must be dismissed.

**B.    Privacy Act Claims**

Tharp also alleges that CitiMortgage violated the Privacy Act by disclosing adverse credit information to credit reporting agencies.  Compl. ¶ 12.  Claims under the Privacy Act of the type made by Tharp must be made within two years from the date on which the cause of action arises.  5 U.S.C. § 552a(g)(5).  Tharp gives no date for the alleged violation, but states that, "[t]he 60 day period of not reporting to credit reporting agencies (Privacy Act) Was [sic] violated."  Compl. ¶ 12.  CitiMortgage foreclosed on Tharp's property in late 2012 and the property was sold, and the debt discharged, in early 2013.  It does not appear, nor does Tharp allege, that CitiMortgage would have had anything adverse to report beyond 2013, meaning that any claim for violation of the Privacy Act made after 2015 is time barred.  5 U.S.C. § 552a(g)(5).  Accordingly, CitiMortgage's motion to dismiss on these claims is also granted.

**C.    FDCPA Claims**

Similarly, Tharp claims that CitiMortgage violated the FDCPA but gives no date on which the alleged violation occurred.  Compl. ¶ 29.  Under the FDCPA, any action for violation of the statute

must be brought within one year from the date of the violation. 15 U.S.C. § 1692k(d).  Tharp contends that CitiMortgage violated the FDCPA by, among other things, calling him before 8:00 a.m. and after 9:00 p.m. and calling him at work.  Compl. ¶ 29.  Again, though, given that Tharp's debt to CitiMortgage was discharged in 2013, it is unlikely that CitiMortgage would have made any calls to collect the debt after 2013 and he has not credibly alleged facts or submitted evidence to the contrary. As a result, the statute of limitations on the FDCPA claim expired long ago.

### D.   Fair Housing Act Discrimination Claim

Tharp also claims that he suffered from "indirect discrimination, age, race." Compl. ¶ 28.  Although Tharp does not identify CitiMortgage as the source of this discrimination, the court will infer from the rest of the complaint that CitiMortgage is the subject of this claim.  Tharp does not reference what law was violated by this alleged discrimination, but the court assumes he intended to bring a claim for discrimination under the Fair Housing Act given the context of the case.

Under the Fair Housing Act, private persons may bring a claim for discrimination on the basis of "race, color, religion, sex, handicap, familial status, or national origin" against businesses that "engag[e] in residential real estate-related transactions."

42 U.S.C. § 3605. Such actions must be commenced within two years of the alleged discriminatory housing practice. Id. § 3613. Because Tharp does not allege that CitiMortgage has taken any action against him any later than March 2013, this claim is also barred under the statute of limitations.

###    E.    Breach of Contract Claim

In addition to his RESPA, FDCPA, and Privacy Act claims, Tharp also brings a claim for breach of contract. Compl. ¶ 1. Under Minnesota law, claims "upon a contract" must be commenced within six years. Minn. Stat. § 541.05, subdiv. 1. It is unclear what contract Tharp alleges CitiMortgage breached. Tharp cites to his attached Exhibit 18, which is a U.S. Department of Housing and Urban Development Settlement Statement dated December 15, 2005. See Compl. ¶ 1; id. Ex. 18. Even if the court were to construe this document as a contract, it does not appear that any breach could have occurred any later than February 2013, the date of the foreclosure sale and subsequent discharge of Tharp's debt. Thus, Tharp's claim—filed in May 2019, more than six years after any potential breach of contract—is time barred.

###    F.    Fraud and Forgery Claims

Tharp cites to federal and state law imposing criminal liability for his fraud and forgery claims, however these statutes

do not impose civil liability. Compl. ¶¶ 6-7; <u>see</u> 18 U.S.C. § 1341; Minn. Stat. § 609.63. Despite this, the court will construe Tharp's claims as seeking civil relief on grounds of fraud. Under Minnesota law, fraud claims must be commenced within six years. Minn. Stat. § 541.05, subdiv. 6. A cause of action for fraud accrues upon "discovery by the aggrieved party of the facts constituting the fraud." <u>Id.</u>

Tharp's fraud claim is also time barred. Tharp alleges that CitiMortgage "committed fraud on loan documents dated 12/2/2011." Compl. ¶ 6. Although a fraud claim does not accrue until the aggrieved party discovers the fraud, it is clear that Tharp was aware of the alleged fraud no later than 2012. <u>See</u> <u>id.</u> Ex. 1. Tharp's first exhibit, a letter from his attorney to CitiMortgage dated January 3, 2012, refers to potential fraud committed by CitiMortgage relating to the December 2, 2011 documents. <u>Id.</u> Because Tharp discovered "the facts constituting" fraud no later than 2012, the statute of limitations on this claim ran in 2018 and his claim is time-barred.

### G. IIED Claim

Tharp alleges that CitiMortgage caused an "economic crisis and long term financial HARDSHIP" which in turn caused him "physical 'heart' and emotional stress and hospitalization."

9

Compl. ¶ 21.  The court interprets this to be a claim for IIED.

Under Minnesota law, the statute of limitations "for libel,

slander, assault, battery, false imprisonment, or other tort

resulting in personal injury" is two years.  Minn. Stat. § 541.07,

subdiv. 1.  Although Tharp does not allege when the above conduct

occurred, he does not allege any interaction with CitiMortgage or

action taken by CitiMortgage after March 2013.  As such, Tharp's

IIED claim is barred under the statute of limitations.

## III. Failure to State a Claim for Violation of State Foreclosure and Redemption Laws

Finally, Tharp contends that his statutory "Right to

Redemption [sic] was violated and severely interfered with" in

violation of Minn. Stat. §§ 580.07 and 580.23.  Compl. ¶ 31.

Section 580.07 provides the opportunity for a mortgagor to postpone

a foreclosure sale so long as the mortgagor executes and files a

sworn affidavit declaring the foreclosed property a homestead and

requesting postponement of the sale.  Section 580.23, subdiv. 1

provides a six-month redemption period after a foreclosure sale

for a mortgagor in Tharp's position.  To redeem his property under

§ 580.23, a mortgagor must pay the amount paid at the foreclosure

sale plus interest, and must deliver such payment to the recipient

at its place of business during normal business hours.  See Minn.
Stat. § 580.23, subdiv. 1(a)-(b).

Chapter 580 contains two statutes of limitations for actions
to set aside a foreclosure sale.  See Minn. Stat. §§ 580.20,
580.21.  Under § 580.20, an action to set aside a foreclosure sale
as invalid due to "any defect in the notice thereof" must be
commenced within five years of the sale.  Under § 580.21, an action
to set aside a foreclosure sale as invalid for reasons other than
defective notice must be commenced within fifteen years of the
sale.

Although many of Tharp's claims relate to CitiMortgage's
failure to provide notice or otherwise properly communicate with
him, it does not appear that he is seeking to challenge the
validity of the foreclosure sale on grounds of defective notice.
See Compl. ¶¶ 4, 5, 8-10, 13, 14, 16, 17, 19, 20, 26, 31.  Thus,
the longer fifteen-year statute of limitations provided in § 580.21
applies to Tharp's claims.  This longer statute of limitations
does not, however, salvage Tharp's claim.

Despite asserting his claim within the fifteen-year statute
of limitations, Tharp's allegation that CitiMortgage interfered
with his statutory right to redemption fails to "contain sufficient
factual matter, accepted as true, to state a claim to relief that

is plausible on its face." Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). Tharp's complaint contains the threadbare assertion that his "Right to Redemption [sic] was violated and severely interfered with." Compl. ¶ 31. Such a conclusory allegation is not enough to survive a motion to dismiss. See Iqbal, 556 U.S. at 678. Nowhere in his complaint does Tharp claim that he sought to comply with either the postponement procedures laid out in § 580.07 or the redemption procedures laid out in § 580.23, nor does he allege that CitiMortgage interfered with his ability to comply with those procedures. See generally Compl. Tharp does point to Exhibit 10 in support of this claim, however it is simply a letter from Tharp to CitiMortgage, dated March 21, 2013, requesting that "CitiMortgage remit the final foreclosure settlement statement for the foreclosure" on his property. Compl. ¶ 31; Compl. Ex. 10.[3] This letter, coupled with Tharp's assertions

---

[3] In his proposed amended complaint, Tharp includes additional letters he sent to CitiMortgage both before and after the foreclosure sale in which he offers to pay off the mortgage. All of these offers, however, were well below both the amount owed on the mortgage and the amount for which the property was sold at foreclosure. As such, these offers did not constitute an effort to redeem the property "by paying the sum of money for which the same were sold" as required by § 580.23, subdiv. 1. Further, CitiMortgage's alleged lack of response to these offers does not support Tharp's claim that CitiMortgage interfered with his statutory right to redemption.

in the complaint, is not enough for this court to draw a reasonable inference that CitiMortgage somehow interfered with Tharp's right to redemption.  Given the lack of any facts to support an inference that CitiMortgage interfered with Tharp's statutory right to redemption, Tharp's claim fails as a matter of law.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.    CitiMortgage's motion to dismiss [ECF No. 5] is granted; and

2.    CitiMortgage's motion for a more definite statement [ECF No. 5] is denied as moot; and

3.    The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 6, 2019          s/David S. Doty
                                  David S. Doty, Judge
                                  United States District Court